CHICAGO, BURLINGTON & QUINCY RAILROAD COMPANY
v. JAMES LYON.

FILED FEBRUARY 16, 1897.   No. 7128.

1. **Railroad Companies: RIGHT OF WAY: FENCES.** Section 18, article 2, chapter 2, Compiled Statutes, in which a lawful fence is defined, has no reference to the fencing of the line or right of way of a railway. The latter subject is covered or governed by the provisions of section 1, article 1, chapter 72, of the Compiled Statutes.

2. ———: ———: EXPENSE OF FENCES: LIABILITY OF COMPANY. A party who has given to a railway company the notice to build a fence between its right of way and his adjoining land prescribed in the proviso to section 1, article 1, chapter 72, Compiled Statutes,

must, to be entitled to recover in an action for the reasonable ex-
pense of the erection of the fence after failure of the company so
to do, show that the fence built by him along the right of way
complies with the requirements of said section.

ERROR from the district court of Perkins county.
Tried below before NEVILLE, J.   *Reversed.*

*W. S. Morlan* and *J. W. Deweese,* for plaintiff in error.

References: *Missouri P. R. Co. v. Youngstrom,* 27 Pac.
Rep. [Kan.], 982; *Lake Erie & W. R. Co. v. Lanert,* 27 N. E.
Rep. [Ind.], 324; *Pennsylvania R. Co. v. Riblet,* 66 Pa. St.,
164; *Welles v. Northern C. R. Co.,* 25 Atl. Rep. [Pa.], 51.

*Parsons & Logan, contra.*

HARRISON, J.

The defendant in error brought action in the district
court of Perkins county to recover the alleged value of a
fence built by him along the company's line of road, or
right of way, and between the land owned and occupied
by him and the right of way, alleging, *inter alia,* that the
company's line of road, including a portion thereof which
was on the land of the defendant in error, had been con-
structed, open for and in use for more than six months
prior to December 16, 1892; that said land was not within
the limits of any city, town, or village, nor were there
public road crossings or highways within or on the right
of way over and across the land of defendant in error;
that on the date mentioned the defendant in error served
on the company a notice of the intention by him enter-
tained to build a fence and thereby inclose his land, and
requesting the company to construct a fence along its
right of way on and adjoining said land; that after the
lapse of more than six months immediately succeeding
the service of the notice, the company having failed to
build the fence along its right of way as demanded in the
notice, the defendant in error procured the necessary
material and erected said fence, whereby the company be-

45

came indebted to him in the sum of $74.27. The answer of the company was in the following words:

"1. Denies each and every allegation in said petition contained, except the matters and facts hereinafter specifically admitted.

"2. The plaintiff has not inclosed the land mentioned in plaintiff's petition, or any part thereof, with a lawful fence, and at no time before the commencement of this action did the plaintiff intend to build around the land in plaintiff's petition described, and up to the right of way of the line of railroad operated by this defendant, a lawful fence."

To this answer there was a reply, a general denial. A jury was waived and a trial of the issues had to the court. The following stipulation of facts was filed: "It is hereby stipulated and agreed between the plaintiff and the defendant in this action, and for the purpose of this trial it is to be considered as evidence by the court, that the defendant is a corporation and the owner and operator of the railroad described in plaintiff's petition; that the plaintiff, on the 16th day of December, was the owner of the southeast quarter of section 18, township 10 north of range 39 west, in Perkins county, Nebraska, adjoining the right of way of said railroad; that said railroad crosses the above described land in a direction nearly east and west, leaving about fifty acres north of said track and the balance on the south side; that said land is not within the limits of any city, town, or village, and that there is no crossing of public roads or highways on the right of way across the said lands; that on the 16th day of December, 1892, the plaintiff served notice upon the defendant that he desired and intended to inclose his land on the adjoining right of way of the defendant on the south of the railroad with a fence, and requested the defendant to construct a fence along the right of way, as provided by section 555, page 192, of the Consolidated Statutes of Nebraska. The plaintiff constructed a fence around his land up to the right of way of the defendant,

consisting of two wires attached to the posts set two rods apart; that this was the very same kind of fence he intended and the only kind of fence he intended to build at the time he served the notice; that he constructed along the line between the railroad and the land above described a fence composed of posts and four wires; wires attached to posts sixteen feet apart, with stays midway between, the top wire being four and one-half feet from the ground and the bottom wire one and one-half feet from the ground, and two other wires equal distance between the top wire and the bottom wire. The fence so constructed along the right of way of the railroad is not a fence suitable and amply sufficient to prevent hogs from getting on the railroad. That the prices of the material used and the labor performed in constructing the fence along the railroad by the plaintiff set forth in the petition are the reasonable prices and value thereof, and that no part of the amount claimed has been paid; that more than six months elapsed from the 16th day of December, 1892, the date of the service of the notice, and the defendant failed to erect said fence as required by said notice, and that after the six months elapsed the plaintiff built the fence above described."

Of the oral evidence we will quote the following portion:

Q. I will ask you to state, if you know, if the fence built by you along the right of way of the railroad crossing your land, as mentioned in this stipulation, was like other fences built by the railroad company crossing other lands in this county and vicinity.

A. It was; more than the posts that I got wasn't as large as other posts. The posts were the same distance apart, same number of wires, and the wires the same distance apart.

The action was instituted under the provisions of section 1, article 1, chapter 72, Compiled Statutes, 1895, which took effect as a law June, 1867, and a proviso thereto, passed during the legislative session of 1883.

The section and proviso read as follows: "That every railroad corporation whose lines of road or any part thereof is open for use shall, within six months after the passage of this act, and every railroad company formed or to be formed, but whose lines are not now open for use, shall, within six months after the lines of such railroad or any part thereof are open, erect and thereafter maintain fences on the sides of their said railroad or the part thereof so open for use, suitably and amply sufficient to prevent cattle, horses, sheep, and hogs from getting on the said railroad, except at the crossings of public roads and highways, and within the limits of towns, cities, and villages, with opens, or gates, or bars at all the farm crossings of such railroads for the use of the proprietors of the lands adjoining such railroad, and shall also construct, where the same has not already been done, and hereafter maintain at all road crossings, now existing or hereafter established, cattle guards suitable and sufficient to prevent cattle, horses, sheep, and hogs from getting onto such railroad, and so long as such fences and cattle guards shall be made after the time hereinbefore prescribed for making the same shall have elapsed, and when such fences and guards, or any part thereof, is not in sufficiently good repair to accomplish the objects for which the same is herein prescribed, is intended, such railroad corporation and its agents shall be liable for any and all damages which shall be done by the agents, engines, or trains of any such corporation, or by the locomotives, engines, or trains of any other corporations permitted and running over or upon their said railroad, to any cattle, horses, sheep, or hogs thereon; and when such fences and guards have been fully and duly made, and shall be kept in good and sufficient repair, such railroad corporation shall not be liable for any such damages, unless negligently or willfully done; *Provided, however*, That any person, company, or corporation owning land adjoining the right of way of any railroad company in this state, and not within the limits of any town,

village, or city, and intending to inclose his or their land, or any part thereof, that adjoins such right of way or railroad, with a fence, such person or the secretary of such company or corporation, by direction thereof, may notify in writing such railroad company of such intention and request such railroad company to build a lawful fence as described in this section, on the line between their railroad and the land intended to be inclosed.  Such notice shall definitely specify two points on such line between which points such fence is requested to be erected, and describe the field intended to be inclosed. The railroad company shall, within six months after receiving such notice, cause to be erected the fence required by such notice, and in case of a failure so to do the party so giving notice as aforesaid may cause such fence to be erected, at a reasonable cost, and collect the amount thereof from the railroad company so neglecting to erect the fence."

There was some discussion in the briefs as to the kind of a fence to be erected to fulfill the requirements of the section of the statute we have just quoted, and it was urged in behalf of the company that the erection of such a fence as is described in section 18, article 2, chapter 2, Compiled Statutes, as a lawful fence, is what is demanded by the provisions of section 1, article 1, chapter 72; but this is not necessarily true, and that the fence prescribed and described in section 18, article 2, chapter 2, is what may be denominated a lawful fence when made for the mere inclosure of land does not authorize the conclusion that it is the fence meant and required in section 1 of chapter 72.  It could not be so unless it was according to the terms of the last mentioned section, as a structure "suitably and amply sufficient to prevent cattle, horses, sheep, and hogs from getting on the said railroad," or, expressed in other words, to bar or inclose such animals. This question was considered and decided by this court in the case of *Chicago, B. & Q. R. Co. v. James*, in an opinion written by MAXWELL, J., reported in 26 Neb., 188.  It was

announced: "The provisions of section 18, chapter 2,
Compiled Statutes, defining a lawful fence, apply alone
to the inclosing of lands, and do not apply to the fencing
of a railway. That matter is governed by section 1,
article 1, chapter 72, Compiled Statutes." It is true that
the material to be used and the form and manner of con-
struction of the fence are not set out in terms, or even
indicated, in section 1 of chapter 72, but doubtless a fence
could be devised and erected, if the desire existed so to do,
which would be reasonably ample and sufficient to in-
close either or all of the specified animals, or bar the
progress of either in any particular direction.

One contention on the part of the company is that the
fence built by the defendant in error, the expense thereby
incurred being the amount sought to be recovered herein,
and for which he was given judgment, was not such a
fence as is exacted by the section of the statutes under
which the claim is asserted, and that this is disclosed
by the stipulated statement of the facts, wherein it was
said: "The fence so constructed along the right of way of
the railroad is not a fence suitable and amply sufficient
to prevent hogs from getting on the railroad;" that in
order to entitle the defendant in error to be paid for
making the fence it must have been such a structure as
was required by the law under which the claim is pre-
sented. The statute prescribed that the fence must be
suitably and amply sufficient to prevent certain desig-
nated animals, including hogs, from getting on the rail-
road, and also that the person, owner of and intending to
inclose land through or over which the company's road
extended, might give the company written notice of such
intention and request it to build a "lawful fence as de-
scribed in this section on the line between the railroad
and the land intended to be inclosed," and if the company
failed to comply with the request of the notice within six
months after its service the party might cause such a
fence to be erected, at a reasonable cost, and collect the
amount of such cost from the company, from all of which

it is clear that the fence erected by the party claiming to collect the amount of its cost from the company, by reason of the company's neglect to build the fence within the statutory time after such notification, must be such a fence as meets the requirements of the statute under which the claim is made. And it further appears that the fence, on the erection of which this suit is predicated, was not such an one, for the reason that it would not turn or inclose or prevent hogs from getting on the railroad; hence no cause of action accrued and the judgment rendered was erroneous.

It is urged in this connection, in behalf of defendant in error, that the fence which he built was similar to the fences erected by the company along the line of its right of way, to meet the demands of the statute and of parties in statutory notices served in regard to such fences; that inasmuch as in building the fence, the cost of which he seeks to recover herein, he followed the pattern set by the company, it should be sufficient, although not so in contemplation of the statute. If the company has erected, or caused to be erected, fences which were lacking in the particular in which it is stipulated the one built by defendant in error was deficient, then it has, in so doing, not complied with the statute, and in each instance could not successfully allege its action as a compliance with the law; but its failure can furnish no reason for allowing to the defendant in error a recovery on an incomplete performance of the statutory requirements in regard to the kind of a fence to be erected. The judgment of the district court is reversed and the cause remanded.

REVERSED AND REMANDED.